UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA

                                                   **DECISION AND ORDER**

      v.                                     06-CR-95

IVAN MORALES,

                        Defendant.

═══════════════════════════════════

       The defendant, Ivan Morales, was charged in a Petition for Offender Under

Supervision, filed on June 28, 2012, with three charges of violating a mandatory

condition of his supervised release requiring that he "not commit another federal,

state or local crime."  The Petition specifically charged defendant Morales with:

(1) criminal possession of marijuana, aggregate weight more than 2 ounces, in

violation of New York State Penal Law Section 221.15; (2) possession of more

than six (6) ounces of marijuana in violation of Section 844(a) of Title 18 of the

United States Code; and (3) possession of marijuana for distribution in violation of

Sections 841(a)(1) and 841(b)(1)(D) of Title 21 of the United States Code.

       The charges in the Petition arise from a search of defendant's residence at

118 East End Avenue, Buffalo/Cheektowaga, New York, on June 27, 2012,

during which time United States probation officers recovered, from the bottom left

cabinet in defendant's kitchen, ziplock bags containing marijuana, as well as

numerous plastic viles, each containing equal amounts of marijuana, and a digital scale.

Based upon the facts established during a violation hearing, and for the reasons set forth herein, the Court finds, by a preponderance of the evidence that Defendant Morales knowingly possessed more than 6 ounces of marijuana and possessed marijuana for distribution in violation of federal and state law. Thus, the Court finds the defendant guilty of Charge 1, Charge 2 and Charge 3 set forth in the Petition.

## BACKGROUND

A judgment in a criminal case against defendant Morales was filed on October 19, 2006. The defendant had been adjudicated guilty after a plea to Possession with Intent to Distribute and Distribution of 5 Grams or More of Cocaine Base in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). Defendant was sentenced to a ninety-two (92) month term of imprisonment. On July 2, 2009, this Court issued an Order pursuant to Title 18, United States Code, Section 3582(c)(2), reducing defendant's sentence from ninety-two (92) months to seventy-seven (77) months. Defendant's criminal history category at the time of sentencing was Category VI.

As part of the sentence, this Court also imposed a five (5) year term of federal supervised release. The sentence included, as a Condition of Supervised Release, the following mandatory charge:

The defendant shall not commit another federal, state or local crime. The defendant served the term of imprisonment imposed by this Court and his period of supervision commenced on November 12, 2010.

On November 17, 2011, defendant Morales was charged in a Petition for an Offender Under Supervision with five charges of violating a mandatory condition of his supervised release requiring that he "not commit another federal, state or local crime." Defendant Morales was adjudicated guilty after a plea to an amended violation charge, based upon his state court conviction on January 5, 2011 for attempted criminal mischief, a class B misdemeanor, in violation of New York State Penal Law Section 145.00. As a result, defendant's supervised release was revoked and he was sentenced to a term of imprisonment of four (4) months followed by a term of three (3) years of supervised release.

The three year supervised release term included the following mandatory conditions and requirements: (1) defendant shall not commit another federal, state, or local crime; (2) defendant shall not possess a firearm, destructive device, or any other dangerous weapon; and (3) defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon a reasonable suspicion.

The defendant served the term of imprisonment imposed by this Court, and the instant period of supervision commenced on February 23, 2012.

After an initial appearance on the Petition on October 11, 2012 and several

3

status conferences and adjournments requested by the parties, a violation hearing was held pursuant to Federal Rule of Criminal Procedure 32.1(b)(2) on January 28, 2013 and January 30, 2013. On the first day of the hearing, the Government introduced the testimony of United States Probation Officers Tammi Rogers and Gavin Lorenz. On January 30, 2013, defendant Morales and his wife, Alexis Morales, testified on behalf of the defendant.

The Court evaluates the evidence offered to establish a violation of supervised release by a standard of the preponderance of the evidence. 18 U.S.C. § 3583(e)(3); Johnson v. United States, 529 U.S. 694, 700 (2000). While conducting the hearing and reviewing the evidence presented at the hearing, the Court is mindful that the Federal Rules of Evidence are not applicable in revocation proceedings. Fed. R. Evid. 1101(d)(3). Certainly, however, the Federal Rules of Evidence are a useful guide to help the Court to make findings supported by "verified facts" and by "accurate knowledge." United States v. Bari, 599 F.3d 176, 179 (2d Cir. 2010) (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

After carefully observing the witnesses' demeanor and testimony, considering all of the exhibits admitted into evidence, and applying the preponderance of the evidence standard of proof, the Court finds the following facts.

## **FACTS**

United States Probation Officer Tammi Rogers was assigned to supervise defendant Morales for his period of supervised release which commenced on February 23, 2012. Based upon her supervision of defendant Morales, Officer Rogers knew that defendant Morales resided at 118 East End Avenue in Buffalo/Cheektowaga, New York, with his wife and two minor children. During the violation hearing, Officer Rogers testified that on June 27, 2012 she received a call from a New York State parole officer. She testified that the parole officer told her that he had received information, from a parolee, that defendant Morales possessed a firearm at 118 East End.

Officer Rogers then contacted her supervisor and told him what she had learned from the parole officer. As a result of this information, Officer Rogers, her supervisor, and a number of other United States probation officers proceeded to 118 East End to conduct a search of defendant's residence.

Upon arriving at 118 East End later that same day, the officers encountered defendant Morales, his wife, two minor children, and an adult male who appeared to be approximately 18 or 19 years old. Officer Rogers received conflicting information from defendant Morales and his wife as to the identity of this individual and his relationship to the defendant. The officers then conducted a search of defendant's residence. During the search, Officer Rogers remained with defendant Morales, his wife, and the children.

Probation Officer Gavin Lorenz was one of the probation officers conducting the search of defendant's residence on June 27, 2012. During the hearing, Officer Lorenz testified that in the course of the search he found, in a kitchen cabinet to the lower left of defendant's sink, plastic bags containing a green leafy substance which appeared to be marijuana, numerous small vials with equal amounts of the same substance in each vial, empty plastic vials, and a digital scale. (Exhibits 5-9). During the hearing, the parties stipulated that the green leafy substance found in the plastic bags and viles was submitted to Erie County Central Police Services Forensic Laboratory, and that the analysis conducted by the laboratory established the presence of marijuana. (Exhibit 4). There was also testimony during the hearing that the bags containing the marijuana were discovered in a plastic shopping bag from the grocery store PriceRite. The officers did not find a firearm.

After discovering the marijuana in defendant's kitchen, the probation officers called the Buffalo Police Department and reported their findings. Defendant Morales was arrested later that same day.

## FINDINGS

Defendant Morales does not dispute that he resides at 118 East End nor does he dispute that he was present at the residence when the probation officers found the marijuana and other items. However, Defendant Morales denies knowledge or possession of the marijuana. He claims that even though the

6

marijuana was found in a cabinet underneath his kitchen sink, it does not belong to him and he did not know it was there. After observing the testimony of all of the witnesses during the violation hearing, and carefully weighing the credibility of the testimony, the Court finds that the defendant did knowingly possess the marijuana found in his residence on June 27, 2012.

The Court credits Officer Rogers' testimony that she received information from a New York State parole officer that defendant Morales possessed a firearm in his home. Possession of a firearm or any kind of dangerous weapon would constitute a violation of defendant's release conditions. Since defendant is on supervised release and subject to searches of his residence based upon reasonable suspicion, Officer Rogers and a number of other probation officers conducted a search of defendant's residence, during which time marijuana and items used frequently in the sale of marijuana, including small, individual plastic vials and a digital scale, were found in defendant's kitchen.

The Court also credits Officer Lorenz's testimony that he was one of the officers who conducted the search of defendant's residence and that he found, in a cabinet to the lower left of defendant's kitchen sink, bags containing a green leafy substance that appeared to be marijuana, numerous plastic vials containing equal amounts of the same green leafy substance, empty plastic vials, and a digital scale. The parties have stipulated that the green leafy substance later tested positive for the presence of marijuana.

During the hearing, the defendant offered testimony that two other adult males were living in his home at or around the time that the search was conducted on June 27, 2012. Defendant argues that since two other adults stayed at the residence and had access to the kitchen, the Government has not established by a preponderance of the evidence that defendant Morales possessed the marijuana. The Court disagrees.

The Court finds, based upon the testimony and evidence, that the only reasonable inference to be drawn is that the defendant knowingly possessed the marijuana found on June 27, 2012. The marijuana was found in a kitchen cabinet underneath the sink at defendant's home. Pictures taken at the time of the search show numerous canned goods and other food products in the cabinet. The defendant testified that he regularly uses this cabinet to store food and that he opens and closes the cabinet daily when preparing meals for himself and his family. The marijuana was found in a plastic bag from PriceRite, a grocery store frequented by the defendant. It simply defies all logic that the defendant would be unaware of a bag containing a significant amount of marijuana, in a cabinet under his kitchen sink, when he uses that cabinet daily and sometimes multiple times a day.

The Court also finds, based upon the testimony and evidence presented at the hearing, that the only reasonable inference to be drawn is that the marijuana did not belong to any of the other individuals who resided in or had access to

defendant's home. Alexis Morales, defendant's wife, testified that the marijuana did not belong to her. The minor children are approximately one years old and five years old. Defendant and his wife testified that during or around the time the search was conducted, two other adult males were staying at the residence. Mrs. Morales testified that these individuals were her cousins. She testified that one was visiting from out of town and the other would often help her care for the children while defendant was incarcerated. Both Mrs. Morales and the defendant testified that when these individuals stayed at their residence, they stayed in the basement. There was testimony that the basement contained a futon, a refrigerator, and other items. The Court finds no credible evidence in the record that one of these individuals possessed the marijuana. It is illogical that an individual residing in defendant's basement, who was in possession of a significant amount of marijuana, some of which was packaged for individual sale, would store these drugs in a kitchen cabinet filled with food and used by defendant's entire family.

The Court finds that Alexis Morales' testimony that she had never seen the marijuana before June 27, 2012 and that the marijuana did not belong to her husband to be not credible. Mrs. Morales testified that she is defendant's wife, that she has a one year old child with him, and that she does not want anything bad to happen to him. The Court finds that Mrs. Morales has motive to protect the defendant, and that her testimony is not to be believed over the credible

testimony of the probation officers and is not to be credited over the reasonable inferences drawn by this Court based upon the evidence and testimony introduced at the hearing.

Furthermore, I carefully observed defendant Morales' demeanor during his testimony and I find that his denial of possession of the marijuana is self-serving and not to be believed. Defendant testified, under oath, that he informed Officer Rogers that one of the adult males previously discussed was staying in his home. Accurate reporting of the individuals staying at his home is a condition of Defendant's supervised release. On rebuttal, Officer Rogers testified that defendant never provided her with this information. I find Defendant Morales' testimony regarding his representations to Officer Rogers not credible and that his testimony regarding his knowledge and possession of the marijuana is likewise not credible. Defendant has an extensive record of arrests and convictions and likely realizes that he may be subject to a substantial term of imprisonment if convicted of the charges set forth in the Petition. Thus, the Court does not credit his testimony that he did not possess the marijuana. While the Court is cognizant that defendant has had negative drug tests since he commenced his term of supervised release, the evidence and testimony clearly indicates that defendant knowingly possessed the marijuana found in his residence.

Based upon all of the evidence at the hearing, the Court specifically finds

by a preponderance of the evidence that defendant Morales is guilty of all three charges set forth in the Petition, which include: (1) criminal possession of marijuana, 4th aggregate weight more than two (2) ounces, a class A misdemeanor, in violation of New York State Penal Law Section 221.15; (2) possession of more than 6 ounces of marijuana in violation of Title 21 U.S.C. §844(a); and (3) possession of marijuana for distribution in violation of Sections 841(a)(1) and 841(b)(1)(D) of Title 21 of the United States Code.

## CONCLUSION

For these reasons, the Court finds the defendant, Ivan Morales, has violated the mandatory conditions of his supervised release that he not commit another federal, state or local crime as alleged in Charge 1, Charge 2 and Charge 3 of the June 28, 2012 Petition for Offender Under Supervision.

Sentencing for the defendant's supervised release violations will be held on March 13, 2013 at 12:00 p.m. The United States Probation Office shall complete a report by March 8, 2013.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 1, 2013